UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: CASE NO.: 1:15-CV-24414-JLK

ABELARDO ARMANDO IZAGUIRRE            )
INFANTE and all others similarly situated  )
under 29 U.S.C. 216(B),                )
                                       )
        Plaintiff,                )
vs.                                    )
                                       )
EXTREME SECURITY SERVICE CORP.,        )
CLAUDIO AZOCAR                         )
                                       )
        Defendants.               )
_____)

## Unopposed Motion to Extend the Deadline for Discovery and Issue A New Scheduling Order Under Magistrate Jurisdiction

Plaintiff, by and through Undersigned Counsel, hereby request an entry of an order granting this Unopposed Motion for Enlargement of Time to Conduct Discovery (the "Motion") pursuant to Fed. R. Civ. P. 16(b) and 6(b), and S.D. Fla. L.R. 7.1, and a new scheduling order now that the parties have consented to magistrate jurisdiction, and in support thereof, states as follows:

    1.    The Scheduling Order [DE 9] dated February 11, 2016, requires that all discovery be completed by March 1, 2017.

    2.    Prior to the last few weeks, all matters with respect to this action were handled by a particular member of the Plaintiff's Undersigned Law Firm who was, in effect, lead counsel on this matter.

    3.    During the applicable discover period, lead counsel left the firm. Secondary counsel erroneously assumed that lead counsel had completed discovery.

4.     Within the past weeks, staffing issues were remedied, Undersigned Plaintiff's Counsel, appeared February 23, 2017 DE [16,17] and attempted to schedule discovery depositions with the Undersigned Defense Counsel within the limited time left before discovery deadline. Defense Counsel's limited availability due to his position as a Miami-Dade County Administrative Hearing Officer, led to scheduling difficulties that caused the Plaintiff to be unable to complete discovery.

5.     Defendants' scheduling issues prevented both Corporate and Individual defendants from appearing at their scheduled depositions.

6.     Plaintiff asserts that there is good cause to enlarge the deadline for discovery until May 1, 2017, and request that this Court reset all deadlines accordingly.

7.     Further, Plaintiff's Counsel asserts that he will also use an extension of the discovery deadline to facilitate further settlement talks between the parties.

8.     The Plaintiff is not asking for the delay for dilatory purposes, for any improper purpose or to cause undue delay.

## **MEMORANDUM OF LAW**

To modify or extend a scheduling order the parties must show good cause. *See* Fed.R.Civ.P. 16(b); *S. Grouts & Mortars, Inc. v. 3M Co.,* 575 F.3d 1235, 1241 (11th Cir.2009). "District courts have 'broad discretion in deciding how best to manage the cases before them,'" *Adinolfe v. United Technologies Corp.*, 768 F.3d 1161, 1167 (11th Cir. 2014), *quoting Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997).

Miscommunication between attorneys within the same firm has been held by the Eleventh Circuit to be excusable neglect when, as here, a remedy timely requested upon discovering the miscommunication.  *See Cheney v. Anchor Glass Container Corp.,* 71 F.3d 848 (11th Cir. 1996)

(finding that a failure in communication between an associate attorney and lead counsel was simply an innocent oversight and therefore excusable).

Plaintiff's motion, unopposed by Defendants, minimizes the need for further Court interference.

## I.     Conclusion

Plaintiff asserts that good cause exists to extend the discovery cut-off date to May 1, 2017. Plaintiff, also, asserts that if this Motion is granted then it will further the parties' ability to resolve this matter.

**WHEREFORE;** The Plaintiff moves that the discovery deadline be reset to May 1, 2017, which would give the parties as opportunity to set dates for depositions and to otherwise discuss discovery issues without the need for extensive court intervention, and request a new scheduling order be issued accordingly.

Respectfully Submitted,

J.H. Zidell, P.A.
*Attorneys for Plaintiff*
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By: /s/ Neil Tobak
Neil Tobak, Esq.
ntobak.zidellpa@gmail.com
Florida Bar Number: 93940

CERTIFICATE OF COMPLIANCE WITH SDFL L.R. 7.1

Undersigned Counsel hereby certifies that he conferred with opposing counsel as required by Local Rule 7.1, as to the relief sought in this motion. Opposing Counsel is unopposed to the relief sought in this motion.

                                          /s/Neil Tobak

                                          Florida Bar #: 93940

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on March 1, 2017.

                                      J.H. Zidell, P.A.
                                      300 71st Street, Suite 605
                                      Miami Beach, Florida 33141
                                      Tel: (305) 865-6766
                                      Fax: (305) 865-7167
                                      *Attorneys for Plaintiff*

                                      By: /s/ Neil Tobak
                                      Neil Tobak, Esq.
                                      ntobak.zidellpa@gmail.com
                                      Florida Bar Number: 93940